Last case, 417-0008, People v. Wilhelm. For the appellant is Brian Carroll. You are he, sir? Yes. Pronounced correctly? Aye. And for the appellee, David Manchin. Mr. Carroll, you may proceed. Counsel? Counsel? I'll be addressing the first and third issues of the case. In order to prove Wilhelm guilty of treachery, criminal, sexual assault, and STD, we have to prove beyond a reasonable doubt that his finger actually included into Matt Milley's contact with S.E.D. However, the state's evidence was not sufficient to remove all reasonable doubt. When interviewed by a trained DCFS child protection specialist, Jennifer Ennis, S.E.D. did not merely fail to mention his penetration, but three times affirmatively denied that Wilhelm's finger ever intruded into Matt's vagina. And thus, in contrast, she did talk about other ways in which Wilhelm allegedly touched her sexually, which demonstrated that while she was uncomfortable talking about the matter at the time, she was sufficiently comfortable with the fact that his finger was not such a thing. Secondly, there is no physical evidence corroborating the state's allegations. It is disputed that when S.E.D. was examined by a sexual assault nurse, there really was no abnormality or any other indication of medical inclusion. In contrast to S.E.D., there was some collaboration. Finally, at trial, S.E.D. did not volunteer on her own that her vagina had been penetrated. Rather, her claim of penetration was prompted by the state's leading question, which undermined the credibility of the claim. So, looking all together, the repeated denial of penetration, the lack of physical evidence, and the fact that the only evidence was a group of leading questions, the inconsistencies in the state's evidence regarding the penetration, is not sufficient to remove all reasonable grounds of guilt. Therefore, Wilhelm's conviction on the predatory criminal sexual assault should be reversed. Because there would be only one victim, then, for which he was convicted of predatory criminal sexual assault, an actual life sentence would no longer be mandatory. Therefore, his case should be re-mandatory for re-sentencing remaining predatory criminal sexual assault counts. In this case, it's similar to the people he coined. Wilhelm mentioned the police. In that case, again, there are inconsistencies in the plaintiff's trial testimony and the testimony she gave to the police immediately after the defendant there, where the plaintiff testified that the defendant and another individual assaulted her in a party. She claimed that the assault took place in a bed. The defendant just held her legs while the other individual pulled down her pants and penetrated the ground with a finger. When she talked to the police shortly after the incident, she claimed that the event took place in the kitchen, that both the individual, both the defendant and the other individual, had touched her vagina. In that case, the appellate court looked at the evidence and held it, given all the inconsistencies in the victim's testimony, looking at the evidence and what most people hold for prostitution. The evidence was just not sufficient to sustain the conviction. In this case, it's similar in that there were just too many inconsistencies in the account. The state's evidence is sustainable. Coming to the third argument, the Frankel claim, the trial court erred by failing to appoint counsel. Frankel claims it is sufficient to at least possibly collect in this case a trial counsel. His claim was that counsel failed to recall two witnesses, his son and his nephew. While the decision of what witnesses to recall is typically a strategic trial decision, it can constitute an effective assistance where the failure to recall witnesses is not a result of sound legal reasoning. Therefore, on their face, the moment of the claim could support the claim of effective assistance. Now, counsel's response to the allegations did not show that the failure to recall witnesses occurred as a result of sound reasoning rather than sufficient representation. When given an opportunity to respond to the allegations, counsel recalled that some of the witnesses he spoke to did not find helpful, but he never identified which witnesses he spoke for. Then he asked if Wilhelm was his cousin. Wilhelm clarified, no, he was talking about his son and his nephew. Counsel never argued that, oh, I was never told about them, or, oh, I did try to contact them, but was unable to, or I did talk to them through counsel. Rather, counsel just gave another vague response like, well, I recall some witnesses were hard to track down, but I did my best. These responses left open a possibility that his failure to call his sons and nephews were as a result of his improper investigation of the case or some other unsound reason. Therefore, because of Wilhelm's allegations and the facts that brought up at the hearing, which in theory could support a claim of effective assistance of counsel, the trial court should have appointed counsel to represent Wilhelm on that matter. I believe this court is in a position to go back to the trial court. Because of that, Wilhelm asked that this court, that this issue would remain the case for his appointment to be counsel to represent him on a claim of effective assistance. How about a proper critical hearing? Well, while we do believe that the trial court did improperly address the merits of Wilhelm's claim, because Wilhelm did, in fact, make a sufficient showing of a possible impact on the case. Well, what I meant was, how about a remand for a proper critical hearing rather than an appointment of counsel, where that decision would be made when a new critical hearing is held? Well, I think since he did make a sufficient showing below, the record shows that he did make a sufficient showing below, it makes more sense to not make him have to jump through that loop again when he already successfully did so, and to at least crystal-straightly remand for an appointment to be counsel to represent him on this decision. Okay. Thank you, counsel. Mr. Manchin. Good afternoon, Your Honor. Mr. Clark, counsel. I'm going to address the issues in the reverse order, addressing Planker first, and then the reasonable doubt argument. If this court determines that the trial court was wrong on its critical determination, this court may not even get to the question of reasonable doubt, because if it gets remanded either for an initial hearing or for a full hearing, whatever the trial court determines there could make the reasonable doubt question loose. I submit that the trial court's handling of the critical issue was proper. The defendant filed a generic motion claiming a Sixth Amendment violation, in effect, to assist the counsel. Then when questioned about that, it is stated that two witnesses were not called. He did not identify those witnesses in any shape or form. Under Roddice, that right there could have been the matter, because it's a conclusory allegation that the trial court defines the South American House in its further action. But isn't a problem here that the court gave an answer to a question not asked when the court says, I find that his performance was not prejudicial, that I'm going to find that Mr. Reuter was affected? He also said, first said that it was a matter of general strategy. Then he said that I find that he's – so it is – But that's – see, the problem is, is you know, and you – you know probably better than the great majority of appellate counsel addressing this and what Roddice was about, that we have lawyers, we have – well, indeed, in the Palfrey case that you cite, the trial court has reached a determination on the merits of a defendant's ineffective assistance of counsel claim. Its determination may be reversed only if the trial court's action is manifestly erroneous. Well, that's – in Roddice, we have – no, that ain't standard. Very good. You know, if you've just – if you're conducting a Cranko hearing and determining, as the Jackson appellate court did, oh, no, he wasn't ineffective. You're answering the question not asked, and it's the old story, can we really be confident that the trial court, if it understood the question it should be answering, based on this evidence, would have reached the same answer? Well, at the time the judge held the hearing, he was answering the question, because at the time of this hearing, the law was clear, you can consider merits. This court had even held that you can consider the merits of the defendant's claims. Now, because of this court's determination in establishing a new rule, the trial judge is wrong because he relied upon the old law. Well, that's – you know, I understand that's the argument, but I don't think it's a new rule. I think it's always been the rule, and some courts, including this one, including when I was a panelist, didn't apply it properly. And the result is we have a pro se guy who says, I want – I'm raising questions about this lawyer, and the trial court says, oh, no, I'm concluding – you don't have a lawyer now, but I'm concluding your trial lawyer was effective. We also have the additional thing where he did make the expressed point regarding the systematic strategy. So anything as to the saying, yeah, he was a mad as a dragon. He did a great job. His surpluses were harmless at most. The trial judge, the trial attorney said, after the defense said, he didn't call two witnesses. He said, my investigators questioned all the defense witnesses, determined that they did not say what the defendant hoped it would. It all established that he wasn't going to cover those, no matter the strategy. Except that, you said earlier, they weren't identified. The defendant says, I was not living at the household at the time. My son was living in the household. My nephew was living in the household. Now, he should have said their names, but defense counsel to just say, I don't remember people that were living in the household or who my client alleges were living in the household, and two of them are blood relatives. Well, that – I think I would – you know, I did – I think I'd say I did interview. I do remember them. Your Honor, at this moment, I don't remember them, but I need to refer to my notes and my investigator's notes. He said, well, there were some people we tried. We couldn't contact them. It requires a little more explanation when you're saying the defendant is saying, it was my son that lived in the household and my nephew. Well, he only said that after the counsel said it. He interviewed all the witnesses and asked them if he was referring to the cousins. The cousins. And he said, no, that's not who I'm talking about. I'm talking about my son and my nephew. But, again, this is not a case where the witness testified to an express date or there could be an alibi saying, you know, that even though he's not living there on a full-time basis, he could have been there so that their testimony that he spent was in and out of the household. Well, assuming it was all alibi. Yeah. Maybe it was incriminating as to them if they were asked about it. How's the identification? Well, the defendant never alleged that. He just, the defendant's allegation is that. But that's what, he may be trying to allege something in that regard at this bringing up, why the hell didn't you interview my son and my nephew? And trial counsel doesn't even remember who they are. I would suggest that if this is not determined on this record to be a better strategy, it be sent back for an initial determination, an initial criteria, to let the trial court flesh out these questions. Okay. What were the names of the witnesses? Which ones did you interview? And by that time, with the remand? Shouldn't that be the kind of question the judge would ask? I know you're saying that's what he ought to have, but shouldn't he have done that initially? Well, when the defendant does not identify them, is it the trial court's job to create the defendant's case when he's just making a general allegation of ineffective assistance? Did your son have the same name? What's his name? Yeah, his name is Joe. You're too loud. As Judge Manchin would have done in a heartbeat. But anyway, I should just submit that the best, if the trial court's conduct was good, probably the best thing is to send it back for the initial determination rather than for a court-made appeal at this point so that the trial court has its court's reasoning regarding he can't get to the merits before he makes a determination. With respect to the claim of reasonable vows, the defendant is making the exact same argument he made before the trial court, that you cannot believe the victim's testimony today that she kept us inside because she denied it in her prior statements. It's a matter of credibility, and the standard is whether any reasonable trial fact can accept it. Accept it beyond reasonable doubt. The testimony is insufficient only if the record compels the conclusion that no reasonable person can accept it beyond reasonable doubt. I submit that that standard is met here, that the victim's testimony, that the defendant's testimony inside could be accepted by a reasonable jury despite the discrepancies. The discrepancies were explained by her fear of the defendants, by her mom telling her, don't tell the cops anything, by her extreme reluctance to tell the police anything. So the jury could say, okay, yeah, there are inconsistencies for those inconsistencies in the claim. A reasonable jury could accept her trial testimony. The defendant is simply asking this court to act as a new trial fact, and that is not the standard. Any further questions? Thank you, counsel. We'll take this revenue advisement and be in recess until tomorrow. Bob? I'm on autopilot. Thank you. And I apologize, Mr. Carroll. I'll be quick. Okay. That wasn't a signal. No, it wasn't. I just, um, long day. Yeah. Counsel, you just said that if this court ranks a lead on the Frankl issue, then it should address the reasonable doubt. Isn't that incorrect? The state doesn't get a second bite out of the apple on proven guilt because of the Crankle event. They have, there's going to be a serious law interpretation. I didn't quite understand. What did you say? Sorry. That's too fast. Um, the opposing counsel suggested that if this court were to grant relief on the Crankle issue, then it shouldn't address the reasonable doubt issue at all because then it might become loose. And I, uh, I said that that would be incorrect with the state. I mean, it wouldn't be proper to give the state a second bite out of the apple on proven guilt. Well, if the court were to agree with the ineffective assistance counsel and vacate the conviction and say let's do this all over again, do you think the state would be barred from, uh, trying him again? I'm not sure I understand. What's your position on this? Well, if there's, um, uh, the position is that it was just an ineffective assistance claim, yes, the state would be, but if, um, But you'd then be asking us to consider the reasonable doubt argument and conclude it here when we don't even know if that is going to be necessary. It isn't that somebody's getting a second bite at the apple. It's as if it didn't occur because he received ineffective assistance counsel if that ends up being the result. And that may be unlikely, but it's possible. So why would we opine on other issues? We don't know what the trial judge is going to do. If he gives a crankle hearing and determines that you did receive ineffective assistance of counsel. Yes. And it ends up that this case is to be retried? It can't be? No, it can be on the other count. Only on the other count? Yeah, I, I, Not on the count of which the guy was convicted? Hmm? Not on the count of which the defendant was convicted? No, on the other count. We're only, the reasonable doubt is only around one of the kind of counts. So, my argument is that even with the, even assuming he got ineffective assistance counsel, even given counsel's errors, the state was unable to prove his guilt beyond reasonable doubt. I think it would be unfair to give him a second chance at it under a new trial. Um, I don't know. Troy, time isn't up yet, but we've done this in lots of other instances, so your argument is, if I understand you correctly, the remand for a crankle hearing, if we were to be so inclined to do that, is functionally equivalent to if we were to reverse a conviction for some evidentiary problem and remand for a new trial that were required before doing it, to say, and by the way, the evidence is sufficient, uh, so that, assuming that was an argument also raised, so that the court would have made that determination before remanding for a new trial. That's fairly standard when reversing for some evidentiary reason and remanding for a new trial. Your, is it your argument, so I understand here, that we should be making the same determination with regard to a remand for a crankle hearing? Um, well, I, I think where reasonable doubt is, uh, based on direct appeal, Well, you're raising it on direct appeal, and you're also raising a crankle issue, so it's your position that we can, or we should, or we're required to address the reasonable doubt argument before we can remand for a crankle hearing. Um, I think, yeah, the reasonable doubt argument I think it's similar to, Well, I might have missed it. Have you briefed and raised this argument? And the reason part is, it strikes me as a novel one. We've done this a lot, and I'm not aware of any prior case, cases that have so held. Are you aware of any? Um, well, first, I didn't raise it in brief, it was just a response to counsel's, uh, comment to this argument. Well, you did raise one, the insufficiency of the evidence, into crankle. So, you're putting us in a position where, in part, you're asking us, indeed, that was suggested again, remand for a crankle hearing, or to appoint counsel for ineffective assistance. Justice Connick points out, a result of that might be we're going to vacate the conviction. But now you're saying, and you haven't briefed this, argued this, that, by the way, you can't just do that to public court. You must also make a determination as to whether the evidence was sufficient before you do that. Is that your argument? Um, yes. I guess I would, uh, analogize it to a situation where, uh, counsel was found to be ineffective for not filing a motion to suppress. And the, uh, public court found that, uh, counsel, that the motion would have been, uh, granted, um, had counsel raised it, and then, uh, determined that without that evidence, the, um, the state, well, would not be able to, uh, sustain its permanent proof. Um, and the court would, uh, therefore, uh, I don't know. That's different. I'm trying to think. That's, I gave you the example. I thought for comparing it to or for reversing a conviction for some evidentiary reason, and the defendant has also raised the sufficiency of the evidence argument, were required. Yeah. I think the U.S. Supreme Court has said, by the way, you can't send it back, because double jeopardy might apply unless you've first determined that the evidence would be sufficient. Now, I don't know of any case, and you haven't briefed or cited to us any case, that says this doctrine of law applies when, as here, you're, one, raising sufficiency of the evidence, and two, saying, by the way, there's a Krinkle hearing violation. Yeah. Um, again, I guess I didn't think of it until, um, yeah. A little late, counsel. What? Yes. You're about to argue, because, you know, that's a bad time to be raising it for the first time. Well, I, again, it was, uh, just heard by counsel's, uh, comments, but I do think it's similar if counsel, I mean, if counsel's ineffective for, um, for not objecting to some evidentiary theory, uh, matter, and therefore that, you know, some evidence should have come in or should not have come in. Well, we have no idea. See, that's the problem. We have, at most, we're just talking about, was a sufficient issue even presented at the trial court for the trial court to look into this matter. We are in no position to make any judgments. Well, um, I mean, I don't have any, uh... Okay. Well, an interesting thing to discuss. Now, we'll be in recess, take this matter into advisement, and we'll be in session again tomorrow morning.